UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JONATHAN HAKALA,                                    :

                                                                        07 Civ. 6902

                                    Plaintiff,          :

        -against-                                         :        ANSWER

ANDREW RUDNICK, CATHERINE S. RUDNICK,   :
SLEEK, SLEEK MEDSPA, SLEEK NYC, LLC,
SLEEK USA, SKINKLINIC, INC., AND ITS            :
DIRECTORS, AND KATHERINE M. DWYER,

                                                                        :

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Defendant, KATHERINE M. DWYER., (hereinafter "defendant"), by and

through her attorneys, Snitow Kanfer Holtzer & Millus, LLP, hereby answers plaintiff's

complaint as follows:

## INTRODUCTION

        1.        Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "1" of plaintiff's complaint.

## PARTIES

        2.        Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "2" of plaintiff's complaint.

        3.        Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "3" of plaintiff's complaint.

        4.        Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "4" of plaintiff's complaint.

        5.        Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "5" of plaintiff's complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of plaintiff's complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of plaintiff's complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of plaintiff's complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of plaintiff's complaint.

10.    Admits the allegations contained in paragraph "10" of plaintiff's complaint.

## JURISDICTION AND VENUE

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of plaintiff's complaint, except aver that plaintiff purports to establish subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331-1332.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of plaintiff's complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of plaintiff's complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of plaintiff's complaint, except aver that plaintiff asserts the basis for venue therein.

**BACKGROUND**

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of plaintiff's complaint, except admit that defendant was familiar with Dr. Morrison and Mrs. Julia Schajer in or around 2001.

16.    Denies the allegation contained in paragraph "16" of plaintiff's complaint, except admit that defendant and plaintiff had conversations concerning a business to be known as Skinklinic.

17.    Denies the allegation contained in paragraph "17" of plaintiff's complaint, except admit that defendant owned a majority of Skinklinic's equity through at least the year 2003 and that at some point in July 2001 plaintiff and defendant had a conversation concerning the final situation at Skinklinic.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of plaintiff's complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of plaintiff's complaint.

20.    Denies the allegation contained in paragraph "20" of plaintiff's complaint except admit that plaintiff had conversations from time to time regarding certain funds that were provided to Skinklinic.

21.    Denies the allegation contained in paragraph "21" of plaintiff's complaint, except admit that Skinklinic had been sold.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of plaintiff's complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of plaintiff's complaint, except admit that defendant obtained a copy of a letter dated January 23, 2007 and responded to that letter with her own dated January 25, 2007.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of plaintiff's complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of plaintiff's complaint.

## CAUSES OF ACTION

### AS AND FOR DEFENDANT'S ANSWER TO
### PLAINTIFF'S FIRST CAUSE OF ACTION
### (Breach of Contract)

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of plaintiff's complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of plaintiff's complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of plaintiff's complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of plaintiff's complaint, except admit that certain proceeds were provided by plaintiff to Skinklinic.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of plaintiff's complaint.

31.    Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "31" of plaintiff's complaint.

       32.    Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "32" of plaintiff's complaint.

### AS AND FOR DEFENDANT'S ANSWER TO
### PLAINTIFF'S SECOND CAUSE OF ACTION
### (Fraudulent Conveyances)

       33.    Defendant repeats and realleges each and every averment contained

in paragraphs 1 through 32 of this answer as if fully set forth herein.

       34.    Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "34"of plaintiff's complaint.

       35.    Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "35"of plaintiff's complaint, except

aver that plaintiff alleges the action is brought pursuant to New York State Debtor and

Creditor Law §§ 273 and 376 and principles of common law.

       36.    Denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "36"of plaintiff's complaint.

### AS AND FOR DEFENDANT'S ANSWER TO
### PLAINTIFF'S THIRD CAUSE OF ACTION
### (Waste and Diversion of Assets)

       37.    Defendant repeats and realleges each and every averment contained

in paragraphs 1 through 36 of this answer as if fully set forth herein.

       38.    Denies the allegations contained in paragraph "38" of  plaintiff's

complaint.

       39.    Denies the allegations contained in paragraph "39" of plaintiff's

complaint.

## AS AND FOR DEFENDANT'S ANSWER TO
## PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

40.     Defendant repeats and realleges each and every averment contained in paragraphs 1 through 39 of this answer as if fully set forth herein.

41.     Denies the allegations contained in paragraph "41" of plaintiff's complaint.

## AS AND FOR DEFENDANT'S ANSWER TO
## PLAINTIFF'S FIFTH CAUSE OF ACTION
### (Breaches of Fiduciary Duty)

42.     Defendant repeats and realleges each and every averment contained in paragraphs 1 through 41 of this answer as if fully set forth herein.

43.     Denies the allegations contained in paragraph "43" of plaintiff's complaint.

44.     Denies the allegations contained in paragraph "44" of plaintiff's complaint.

45.     Denies the allegations contained in paragraph "45" of plaintiff's complaint.

## AS AND FOR DEFENDANT'S
## FIRST AFFIRMATIVE DEFENSE

46.     Plaintiff has failed to state a claim upon which relief will be granted.

## AS AND FOR DEFENDANT'S
## SECOND AFFIRMATIVE DEFENSE

47.     Plaintiff's claim is barred by the applicable statute of limitations.

## AS AND FOR DEFENDANT'S
## THIRD AFFIRMATIVE DEFENSE

48.    Plaintiff has failed to obtain jurisdiction over the person of

Katherine Dwyer either individually or in her association as former CEO of Skinklinic.

## AS AND FOR DEFENDANT'S
## FOURTH AFFIRMATIVE DEFENSE

49.    Plaintiff's process was insufficient was to obtain jurisdiction over

the person of Katherine Dwyer either individually or in her association as former CEO of

Skinklinic.

## AS AND FOR DEFENDANT'S
## FIFTH AFFIRMATIVE DEFENSE

50.    Plaintiff lacks standing to assert causes of action for wasted

diversion of assets, unjust enrichment and breach of fiduciary duty.

## AS AND FOR DEFENDANT'S
## SIXTH AFFIRMATIVE DEFENSE

51.    Plaintiff's claims alleging that Katherine Dwyer personally

guaranteed any indebtedness of a third party is barred by the Statute of Frauds.

**WHEREFORE,** defendant KATHERINE M. DWYER respectfully

requests that the Court dismiss plaintiff's complaint in its entirety, and award defendant

her costs and expenses in defending this action, including reasonable attorneys' fees, and

for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      December 21, 2007

Yours, etc.

SNITOW KANFER HOLTZER
& MILLUS, LLP

By: _____

Paul F. Millus
575 Lexington Avenue
New York, New York 10022
(212) 317-8500

*Attorneys for Defendant*
*Katherine M. Dwyer*

TO:    JONATHAN HAKAL
       333 River Street
       Apartment 907
       Hoboken, New Jersey 07030-5867
       (347) 678-5550

M:\CLIENT\838\02\Answer.wpd

<u>CERTIFICATE OF SERVICE</u>

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK   )

        PAUL F. MILLUS certifies that on December 21, 2007 he caused a copy of

the attached Answer to be served upon the following party by mail:

        JONATHAN HAKALA
        333 River Street
        Apartment 907
        Hoboken, New Jersey 07030-5867

                                    PAUL F. MILLUS
                                      (PM- 8240)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No. 07 Civ. 6902

JONATHAN HAKALA,

                                    Plaintiff,

            v.

ANDREW RUDNICK, CATHERINE S.
RUDNICK, SLEEK, SLEEK MEDSPA,
SLEEK NYC, LLC, SLEEK USA,
SKINKLINIC, INC., AND ITS
DIRECTORS, AND KATHERINE M.
DWYER,

                                    Defendants.

ANSWER

SNITOW KANFER HOLTZER & MILLUS, LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6102
TELEPHONE (212) 317-8500

ATTORNEYS FOR    Defendant
                Katherine M. Dwyer