UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JONATHAN HAKALA,                                    :

                         Plaintiff,        :

            -against-                           :

ANDREW RUDNICK, CATHERINE S. RUDNICK,    :
SLEEK, SLEEK MEDSPA, SLEEK NYC, LLC,
SLEEK USA, SKINKLINIC, INC., AND ITS          :
DIRECTORS, AND KATHERINE M. DWYER,

                               :

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

07 Civ. 6902

**AMENDED ANSWER
AND CROSS-CLAIM**

        Defendant KATHERINE M. DWYER., (hereinafter "defendant"), by and through her attorneys, Snitow Kanfer Holtzer & Millus, LLP, hereby answers plaintiff's complaint as follows:

## <u>INTRODUCTION</u>

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of plaintiff's complaint.

## <u>PARTIES</u>

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of plaintiff's complaint.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of plaintiff's complaint.

        4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of plaintiff's complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of plaintiff's complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of plaintiff's complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of plaintiff's complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of plaintiff's complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of plaintiff's complaint.

10.      Admits the allegations contained in paragraph "10" of plaintiff's complaint.

## JURISDICTION AND VENUE

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of plaintiff's complaint, except aver that plaintiff purports to establish subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331-1332.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of plaintiff's complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of plaintiff's complaint.

2

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of plaintiff's complaint, except aver that plaintiff asserts the basis for venue therein.

## BACKGROUND

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of plaintiff's complaint, except admit that defendant Katherine Dwyer was familiar with Dr. Morrison and Mrs. Julia Schajer in or around 2001.

16.     Denies the allegation contained in paragraph "16" of plaintiff's complaint, except admit that defendant Katherine Dwyer and plaintiff had conversations concerning a business to be known as Skinklinic.

17.     Denies the allegation contained in paragraph "17" of plaintiff's complaint, except admit that defendant Katherine Dwyer owned a majority of Skinklinic's equity through at least the year 2003 and that at some point in July 2001 plaintiff and defendant had a conversation concerning the final situation at Skinklinic.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of plaintiff's complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of plaintiff's complaint.

20.     Denies the allegation contained in paragraph "20" of plaintiff's complaint except admit that plaintiff had conversations from time to time regarding certain funds that were provided to Skinklinic.

21.    Denies the allegation contained in paragraph "21" of plaintiff's complaint, except admit that Skinklinic had been sold.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of plaintiff's complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of plaintiff's complaint, except admit that defendant obtained a copy of a letter dated January 23, 2007 and responded to that letter with her own dated January 25, 2007.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of plaintiff's complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of plaintiff's complaint.

## CAUSES OF ACTION

### AS AND FOR DEFENDANTS' ANSWER TO
### PLAINTIFF'S FIRST CAUSE OF ACTION
#### (Breach of Contract)

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of plaintiff's complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of plaintiff's complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of plaintiff's complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of plaintiff's complaint, except admit that certain proceeds were provided by plaintiff to Skinklinic.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of plaintiff's complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of plaintiff's complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of plaintiff's complaint.

## AS AND FOR DEFENDANTS' ANSWER TO
## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Fraudulent Conveyances)

33.    Defendant repeats and realleges each and every averment contained in paragraphs 1 through 32 of this answer as if fully set forth herein.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of plaintiff's complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of plaintiff's complaint, except aver that plaintiff alleges the action is brought pursuant to New York State Debtor and Creditor Law §§ 273 and 376 and principles of common law.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of plaintiff's complaint.

**AS AND FOR DEFENDANTS' ANSWER TO**
**PLAINTIFF'S THIRD CAUSE OF ACTION**
**(Waste and Diversion of Assets)**

37.     Defendant repeats and realleges each and every averment contained in paragraphs 1 through 36 of this answer as if fully set forth herein.

38.     Denies the allegations contained in paragraph "38" of plaintiff's complaint.

39.     Denies the allegations contained in paragraph "39" of plaintiff's complaint.

**AS AND FOR DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FOURTH CAUSE OF ACTION**
**(Unjust Enrichment)**

40.     Defendant repeats and realleges each and every averment contained in paragraphs 1 through 39 of this answer as if fully set forth herein.

41.     Denies the allegations contained in paragraph "41" of plaintiff's complaint.

**AS AND FOR DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIFTH CAUSE OF ACTION**
**(Breaches of Fiduciary Duty)**

42.     Defendant repeats and realleges each and every averment contained in paragraphs 1 through 41 of this answer as if fully set forth herein.

43.     Denies the allegations contained in paragraph "43" of plaintiff's complaint.

44.     Denies the allegations contained in paragraph "44" of plaintiff's complaint.

45.     Denies the allegations contained in paragraph "45" of plaintiff's complaint.

**AS AND FOR DEFENDANTS'
FIRST AFFIRMATIVE DEFENSE**

46.     Plaintiff has failed to state a claim upon which relief will be granted.

**AS AND FOR DEFENDANTS'
SECOND AFFIRMATIVE DEFENSE**

47.     Plaintiff's claim is barred by the applicable statute of limitations.

**AS AND FOR DEFENDANTS'
THIRD AFFIRMATIVE DEFENSE**

48.     Plaintiff has failed to obtain jurisdiction over the person of Katherine Dwyer either individually or as a former CEO of Skinklinic.

**AS AND FOR DEFENDANTS'
FOURTH AFFIRMATIVE DEFENSE**

49.     Plaintiff's process was insufficient was to obtain jurisdiction over the person of Katherine Dwyer either individually or in her association as former CEO of Skinklinic.

**AS AND FOR DEFENDANTS'
FIFTH AFFIRMATIVE DEFENSE**

50.     Plaintiff lacks standing to assert causes of action for wasted diversion of assets, unjust enrichment and breach of fiduciary duty.

**AS AND FOR DEFENDANTS'
SIXTH AFFIRMATIVE DEFENSE**

51.     Plaintiff's claims alleging that Katherine Dwyer personally guaranteed any indebtedness of a third party is barred by the Statute of Frauds.

7

## AS AND FOR KATHERINE DWYER'S
## CROSS-CLAIM AGAINST DEFENDANT SLEEK NYC, LLC

1.    At all times relevant hereto, Skinklinic, Inc.("Skinklinic") was a Delaware corporation with its principal offices at 800b Fifth Avenue, New York, New York.

2.    At all times relevant hereto, defendant Sleek NYC, LLC ("Sleek") was and is a New York limited liability company with offices at 301 Yamato Road, No. 2121, Boca Raton, Florida 33431.

3.    Upon information and belief, in or around 2006, Andrew Rudnick, as owner of Sleek, entered into discussions with Skinklinic concerning the purchase of Skinklinic by Sleek.

4.    In furtherance of those discussions, upon information and belief, Skinklinic provided Rudnick and Sleek with Skinklinic financial information which disclosed the existence of a financial obligation to Hakala.

5.    In or around July 2006, Skinklinic and Rudnick entered into a "Consulting Agreement" and pre-condition to Sleek's purchase of Skinklinic so that Rudnick had a opportunity to review business practices and financial documents relating to Skinklinic.

6.    As of July 12, 2006, Sleek entered into an Asset Purchase Agreement with Skinklinic.

7.    Pursuant to the terms of the Asset Purchase Agreement, Sleek purchased "all of the business rights, properties and assets of the Seller [Skinklinic] used in or relating to the business, of every kind, character and description, recorded and

unrecorded, whether tangible, intangible, personal or mixed, and wherever located . . . ."

The Asset Purchase Agreement further provided in Section 1(c) "in connection with the

purchase and sale of the purchased assets described herein, Purchaser hereby assumes

all liabilities and obligations of Seller [Skinklinic] in existence as of the closing

date, known or unknown, liquidated or unliquidated (collectively, the "Assumed

Liabilities") . . . ."

        8.      Pursuant to the terms of the Asset Purchase Agreement, Skinklinic

and/or Katherine Dwyer's liabilities, if any, in her capacity as an officer, director and/or

shareholder of Skinklinic, have been assumed by Sleek.

        6.      Based on the assumption of liabilities by Sleek, it is required to

indemnify Skinklinic and/or Katherine Dwyer in her official capacity and provide a

defense at its sole cost and expense in connection with the claims brought by plaintiff in

this civil action

      **WHEREFORE,** defendant KATHERINE M. DWYER respectfully

requests that the Court dismiss plaintiff's complaint in its entirety, and award defendant

her costs and expenses in defending this action, including reasonable attorneys' fees; and,

furthermore, it is  respectfully request that the Court grant Katherine M. Dwyer's cross-

claim in its entirety and that Sleek be ordered to assume the defense of the Katherine

Dwyer in his action and indemnify Katherine Dwyer for any and all claims made by

plaintiff.

Dated: New York, New York
      July 14, 2008

Yours, etc.

SNITOW KANFER HOLTZER
& MILLUS, LLP

By: _____

Paul F. Millus (PM 8240)
575 Lexington Avenue
New York, New York 10022
(212) 317-8500

*Attorneys for Defendant
Katherine M. Dwyer*

TO:    JONATHAN HAKALA
       333 River Street
       Apartment 907
       Hoboken, New Jersey 07030-5867
       (347) 678-5550
       *Plaintiff Pro Se*

       STEVEN W. EPSTEIN, ESQ.
       11 Penn Plaza; Suite 2000
       New York, New York 10001
       (212) 268-1538
       *Attorney for Defendants
       Andrew Rudnick, Catherine Rudnick
       Sleek, Sleek Medspa, Sleek, NYC LLC., and
       Sleek USA*

M:\CLIENT\838\02\Amended Answer.wpd

<u>CERTIFICATE OF SERVICE</u>

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

      PAUL F. MILLUS certifies that on July 14, 2008 he caused a copy of the

attached Amended Answer and Cross-Claim to be served upon the following parties by e-

mail and/or telecopier and by mail:

              JONATHAN HAKALA
              333 River Street
              Apartment 907
              Hoboken, New Jersey 07030-5867

              STEVEN W. EPSTEIN, ESQ.
              11 Penn Plaza; Suite 2000
              New York, New York 10001
              (212) 268-1538
              *Attorney for Defendants*
              *Andrew Rudnick, Catherine Rudnick*
              *Sleek, Sleek Medspa, Sleek, NYC LLC., and*
              *Sleek USA*

                        _____
                        PAUL F. MILLUS
                        (PM- 8240)

M:\CLIENT\838\02\Amended Answer.wpd